UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * *
                                      *
ELYSSA KLEIN                          *
                                      *
        Plaintiff,                    *
                                      *
v.                                    *
                                      *
HASBRO, INC.                          *
                                      *
        Defendant.                    *
                                      *
* * * * * * * * * * * * * * * * * * * *
```

**04-12702 RGS**

Civil Action No. _____

RECEIPT #_____
AMOUNT $_____150.00_____
SUMMONS ISSUED____'_____
LOCAL RULE 4.1____—_____
WAIVER FORM____—_____
MCF ISSUED____—_____
BY DPTY. CLK.____M.P____
DATE____12/27/2004____

**COMPLAINT**

The Plaintiff, Elyssa M. Klein, by her attorneys, Dunbar & Rodman LLP, for her complaint against Defendant, Hasbro, Inc. ("Hasbro"), alleges:

MAGISTRATE JUDGE____RGS____

**PARTIES**

1.  The Plaintiff, Elyssa M. Klein, is an individual who resides at 46 Woodward Street, Newton Highlands, MA 02461.

2.  The Defendant, Hasbro, is an employer as defined in 42 U.S.C. § 2000e *et seq.* and R.I. Gen. Laws § 28-5-1 *et seq.*, and has at all time relevant to the instant matter been a corporation that regularly does business in Massachusetts. Hasbro is a registered foreign corporation in Massachusetts and its registered agent is the Prentice-Hall Corporation System, Inc., which is located at 84 State Street, Boston, MA, 02109.

**JURISDICTION AND VENUE**

3.  This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws §§ 28-5-1 *et seq.*

4. This court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331, as Ms. Klein's Title VII claim arises under federal statutory law. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)-(c).

5. On or about March 13, 2002, Ms. Klein filed a timely charge with the Rhode Island Commission for Human Rights ("RICHR"), charge no. 02 ESE 189-50/05, and the Equal Employment Opportunity Commission ("EEOC"), charge no. 16JA200080, alleging discrimination based on her sex or gender. On September 28, 2004, the RICHR mailed a "right-to-sue" letter to Ms. Klein. On December 2, 2004, the EEOC mailed a "right-to-sue" letter to Ms. Klein. This lawsuit was filed within 90 days of Ms. Klein's receipt of the "right-to-sue" letter from the RICHR and the EEOC.

## FACTUAL BACKGROUND

6. Ms. Klein commenced employment with Hasbro in March 1989 as a licensing coordinator.

7. After several years of employment with Hasbro, Ms. Klein was promoted to Associate Account Manager for Canadian Licensing. In this position, Ms. Klein was responsible for all of Hasbro's Canadian licensing operations.

8. In 1993, Ms. Klein's responsibilities were expanded to include licensing for Mexico and all of Latin America. Ms. Klein maintained all of her responsibilities with respect to Canadian licensing.

9. Approximately three years later, Ms. Klein was promoted to the position of Licensing Account Manager for Canada, Mexico and Latin America.

10. In 1998, following the birth of Ms. Klein's first child, she sought to work from home two days per week. Her proposal was approved.

11. In 1999, Ms. Klein was given a number of accounts within the United States in the following categories: accessories, sleepwear, and bags/backpacks. At that time, Ms. Klein's responsibilities with respect to Mexico and Latin America were transferred to another individual.

12. Approximately one year later, Ms. Klein was awarded the account for a product line manufactured by a company called Safety 1st. At that time, Ms. Klein was promoted to a higher grade level so that she could receive greater compensation.

13. In November 2000, an individual named Jane Ritson was transferred from Hasbro's offices in the United Kingdom to its offices in Pawtucket, Rhode Island.

14. Shortly thereafter, Ms. Klein was informed that Ms. Ritson did not approve of her flexible work schedule.

15. Ms. Klein was asked to submit a detailed proposal in support of the flexible work schedule that she had been in place, with satisfactory results, since 1998.

16. In January 2001, Ms. Klein submitted her proposal to Pat Schmidt, who was Hasbro's Vice President of Licensing and Promotions for 3D North America. Ms. Schmidt indicated that the proposal was very good.

17. In March 2001, Ms. Klein received an excellent performance review from Hasbro based on her job performance.

18. Around the time of the performance review, Ms. Klein informed Hasbro that she was pregnant and that she would be taking a maternity leave following the birth of her child.

19. Shortly thereafter, Hasbro informed Ms. Klein that all of her Canadian accounts, with the exception of Domestics and Housewares, as well as her United States accounts, within her categories of Sleepwear and Accessories, were being transferred to an employee with much less experience in licensing.

20. In May 2001, just prior to Ms. Klein's maternity leave, she was informed that her flexible schedule, which she had been working with great success since 1998, was being revoked, and that she would no longer be permitted to work from home.

21. Hasbro made this change to the terms and conditions of Ms. Klein's employment despite the fact that other Hasbro employees were permitted to continue working from home.

22. Although Ms. Klein endeavored in good faith to correct these injustices, Hasbro denied her requests to reclaim the accounts that had been taken from her and refused to permit her to continue working a flexible schedule.

23. In October 2001, after several months of failed efforts to resolve the above-referenced issues, Ms. Klein's employment relationship with Hasbro ended.

### COUNT I: VIOLATION OF 42 U.S.C. § 2000e *et seq.*

24. Ms. Klein restates and incorporates Paragraphs 1-23 as fully set forth herein.

25. Hasbro, through its agents and employees, has intentionally discriminated against Ms. Klein because of her sex, in violation of Title VII. Specifically, Hasbro discriminated against Ms. Klein when it learned of her pregnancy by stripping her of many of the accounts to which she had been assigned, by lowering her position within the Company, and by revoking its agreement to permit her to work a flexible schedule (despite the fact that she had done so successfully for several years).

26. As a result of Hasbro's discriminatory actions against Ms. Klein, she has sustained damages in the form of back pay, front pay, compensatory damages as defined in 42 U.S.C. § 1981a, plus interest, attorneys fees and litigation costs.

## COUNT I: VIOLATION OF R.I. GEN. LAWS § 28-5-1 *et seq.*

27. Ms. Klein restates and incorporates Paragraphs 1-26 as fully set forth herein.

28. Hasbro, through its agents and employees, has intentionally discriminated against Ms. Klein because of her sex, in violation of R.I. Gen. Laws § 28-5-1 *et seq.* Specifically, Hasbro discriminated against Ms. Klein when it learned of her pregnancy by stripping her of many of the accounts to which she had been assigned, by lowering her position within the Company, and by revoking its agreement to permit her to work a flexible schedule (despite the fact that she had done so successfully for several years).

29. Hasbro's conduct was motivated by malice and ill will, and demonstrates its reckless and callous indifference to Ms. Klein's statutorily protected rights.

30. As a result of Hasbro's discriminatory actions against Ms. Klein, she has sustained damages in the form of back pay, front pay, compensatory damages, plus interest, attorneys' fees and litigation costs. In addition, and as a result of the egregious nature of Hasbro's conduct, Ms. Klein is entitled to an award of punitive damages pursuant to R.I. Gen. Laws § 28-5-29.1.

## DEMAND FOR JURY TRIAL

Ms. Klein, hereby requests a trial by jury on all claims made herein.

WHEREFORE, the Plaintiff, Elyssa Klein, requests that the Court:

    A.    Award Ms. Klein her damages, including back pay, front pay, and compensatory damages, plus interest;

    B.    Award punitive damages to Ms. Klein;

    C.    Award Ms. Klein her attorneys' fees, costs, and expenses plus interest; and

    D.    Issue such other and further relief as the Court deems just and proper.

                                    ELYSSA KLEIN
                                    By her attorneys,

Dated: December 27, 2004

                                    _____
                                    Ronald W. Dunbar Jr., BBO#567023
                                    William R. Bagley Jr., BBO#644575
                                    Dunbar & Rodman LLP
                                    One Gateway Center, Suite 405
                                    Newton, MA 02458
                                    617.244.3550

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Elyssa Klein

### DEFENDANTS
Hasbro, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**04-12702 RGS**

(c) Attorney's (Firm Name, Address, and Telephone Number):
Ronald W. Dunbar, Jr., Dunbar & Rodman LLP
One Gateway Center, #405, Newton, MA 02458
617-244-3550

Attorneys (If Known):

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **42 U.S.C. § 2000e, et seq.**
Brief description of cause: **Gender Discrimination**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **TBD**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY: N/A
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 12-27-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Elyssa Klein v. Hasbro, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   04-12702 RGS

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]  NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]  NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]  NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]  NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [ ]  NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   N/A   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __Ronald W. Dunbar, Jr., Dunbar & Rodman LLP__

ADDRESS __One Gateway Center - Suite 405, Newton, MA 02458__

TELEPHONE NO. __617-244-3550__

(Coversheetlocal.wpd - 10/17/02)