UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELYSSA KLEIN,<br><br>    Plaintiff,<br><br>v.<br><br>HASBRO, INC.,<br><br>    Defendant. | )<br>)<br>)  Civil Action No: 04-12702 RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT HASBRO, INC.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendant Hasbro, Inc. ("Hasbro" or the "Company") hereby responds to the individually numbered paragraphs contained in the complaint filed on December 27, 2004 (the "Complaint") by plaintiff Elyssa Klein ("Plaintiff" or "Ms. Klein"), as follows:

### Parties

1. Hasbro admits the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in the first sentence of Paragraph 2 of the Complaint state conclusions of law to which no response is required, except Hasbro admits that at all times relevant to the instant matter, it was a corporation regularly doing business in Massachusetts. Hasbro denies the allegations contained in the second sentence of Paragraph 2 of the Complaint, except to admit that it is a registered foreign corporation in Massachusetts.

### Jurisdiction and Venue

3. The allegations contained in Paragraph 3 of the Complaint state conclusions of law to which no response is required. To the extent the allegations in Paragraph 3 of the Complaint contain averments of fact, Hasbro denies them.

4. The allegations contained in Paragraph 4 of the Complaint state conclusions of law to which no response is required. To the extent the allegations in Paragraph 4 of the Complaint contain averments of fact, Hasbro denies them.

5. Hasbro admits that Ms. Klein filed a charge of discrimination with the Rhode Island Commission for Human Rights and the Equal Employment Opportunity Commission on March 13, 2002 and states that the Charge speaks for itself. Hasbro admits the allegations contained in the second sentence of Paragraph 5 of the Complaint. Hasbro is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 5 of the Complaint and, as such, Hasbro denies such allegations.

## Factual Background

6. Hasbro admits the allegations contained in Paragraph 6 of the Complaint.

7. Hasbro denies the allegations contained in Paragraph 7 of the Complaint except to admit that the Plaintiff was promoted to Associate Manager of Licensing and was responsible for Hasbro's Canadian licensing operations.

8. Hasbro admits the allegations contained in Paragraph 8 of the Complaint.

9. Hasbro denies the allegations contained in Paragraph 9 of the Complaint.

10. Hasbro admits the allegations contained in Paragraph 10 of the Complaint.

11. Hasbro admits the allegations contained in Paragraph 11 of the Complaint.

12. Hasbro denies the allegations contained in Paragraph 12 of the Complaint.

13. Hasbro admits the allegations contained in Paragraph 13 of the Complaint.

14. Hasbro denies the allegations contained in Paragraph 14 of the Complaint.

USIDOCS 4912970v1

15. Hasbro denies the allegations contained in Paragraph 15 of the Complaint, except to admit that Plaintiff submitted a proposal to Hasbro in support of her then current work schedule.

16. Hasbro denies the allegations contained in Paragraph 16 of the Complaint, except to admit that Plaintiff submitted a proposal to Hasbro's Vice President for Licensing and Promotions.

17. Hasbro denies the allegations contained in Paragraph 17 of the Complaint.

18. Hasbro denies the allegations contained in Paragraph 18 of the Complaint.

19. Hasbro denies the allegations contained in Paragraph 19 of the Complaint.

20. Hasbro denies the allegations contained in Paragraph 20 of the Complaint, except to admit that in May 2001, Hasbro informed Ms. Klein that she would no longer be permitted to work from home following her maternity leave.

21. Hasbro denies the allegations contained in Paragraph 21 of the Complaint.

22. Hasbro denies the allegations contained in Paragraph 22 of the Complaint.

23. Hasbro denies the allegations contained in Paragraph 23 of the Complaint, except to admit that Ms. Klein resigned her employment on October 12, 2001.

### Count I: Violation of 42 U.S.C. § 2000e *et seq.*

24. Hasbro repeats and incorporates its responses to the allegations contained in Paragraphs 1-23 of the Complaint, as if fully set forth herein.

25. The allegations contained in the first sentence of Paragraph 25 of the Complaint state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Hasbro denies them. Hasbro denies the allegations contained in the second sentence of Paragraph 25 of the Complaint.

26. The allegations contained in Paragraph 26 of the Complaint state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Hasbro denies them.

### Count II: Violation of R.I. Gen. Laws § 28-5-1 *et seq.*

27. Hasbro repeats and incorporates its responses to the allegations contained in Paragraphs 1-26 of the Complaint, as if fully set forth herein.

28. The allegations contained in the first sentence of Paragraph 28 of the Complaint state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Hasbro denies them. Hasbro denies the allegations contained in the second sentence of Paragraph 28 of the Complaint.

29. Hasbro denies the allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint state conclusions of law to which no response is required. To the extent the allegations contain averments of fact, Hasbro denies them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each count of the Complaint, Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Hasbro's actions with respect to the Plaintiff were reasonable and justified by legitimate business needs.

USIDOCS 4912970v1

## FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in her Complaint, which is expressly denied, such damages are too speculative to be recovered.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered the damages alleged in her Complaint, which is expressly denied, Hasbro's actions or omissions did not proximately cause the alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has the ability and opportunity to mitigate any alleged damages, and, upon information and belief, has failed to do so.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has received wages or benefits from employment, self-employment, social security, or unemployment compensation after her employment with Hasbro ceased, Hasbro is entitled to a set-off of those amounts.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to allow recovery of punitive damages from Hasbro.

## NINTH AFFIRMATIVE DEFENSE

Hasbro intends to rely upon such other and further affirmative defenses as may become apparent during the discovery of this action, and reserves the right to amend this Answer to assert such affirmative defenses.

WHEREFORE, Hasbro request that this Court:

1. dismiss the Complaint with prejudice in its entirety or enter judgment in Hasbro's favor;

2. deny all relief requested by Plaintiff;

3. award Hasbro its reasonable attorneys' fees, costs and expenses incurred in defending this action; and

4. grant to Hasbro such further relief as is just, warranted and reasonable under the circumstances.

                        HASBRO, INC.

                        By its attorneys,

                        _____
                        Neil Jacobs (BBO# 249300)
                        Jessica A. Foster (BBO# 636841)
                        Ariella Feingold (BBO# 660380)
                        Wilmer Cutler Pickering Hale and Dorr LLP
                        60 State Street
                        Boston, MA  02109
                        (617) 526-6000

Dated: January 20, 2005

## CERTIFICATE OF SERVICE

I, Jessica A. Foster, do hereby certify that I caused a true and accurate copy of the foregoing document to be served on plaintiff's counsel by first class mail, postage pre-paid on this 20th day of January, 2005.

                        _____
                        Jessica A. Foster