UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**ELYSSA KLEIN,**                   )
                                    )   **Civil Action No: 04-12702 RGS**
         **Plaintiff,**             )
                                    )
     v.                             )
                                    )
**HASBRO, INC.,**                   )
                                    )
         **Defendant.**             )
_____)

## DEFENDANT'S RULE 26(a)(1) DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2, defendant Hasbro, Inc. ("Hasbro") makes the following initial disclosures identifying individuals with information that Hasbro may use to support its claims or defenses and describing documents that Hasbro may use to support its claims or defenses relevant to disputed issues of fact. These disclosures are based on information reasonably available to Hasbro, and Hasbro reserves its right, under Rule 26(e) of the Federal Rules of Civil Procedure, to supplement these initial disclosures.

## INTRODUCTORY STATEMENT

The following disclosures are made based on the information reasonably available to Hasbro as of June 17, 2005. By making these disclosures, Hasbro does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, or upon which or whom Hasbro may rely to support its defenses. Nor does Hasbro waive its rights to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection.

Rather, Hasbro's disclosures represent a good faith effort to identify information it reasonably believes to be relevant to the pending lawsuit.

Hasbro's disclosures herein are made without in any way waiving (1) the right to object on the grounds of competency, privilege, relevancy, hearsay, or any other proper ground, or the right to object to the use of any information disclosed herein for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action; and (2) the right to object on any and all proper grounds to any other discovery request or proceeding involving or relating to the subject matter of these disclosures consistent with the Federal Rules of Civil Procedure and the Local Rules. Hasbro reserves the right to identify additional documents and witnesses as discovery in this matter proceeds.

(A)  **INDIVIDUALS LIKELY TO HAVE RELEVANT DISCOVERABLE INFORMATION.**

The following individuals may have information that Hasbro may use to support its defenses.

| Name of Witness and Title | Address and telephone number | Subject of Information |
| --- | --- | --- |
| Jane Ritson-Parsons, President of the Hasbro Properties Group | Hasbro, Inc. 1027 Newport Avenue, Pawtucket, RI 02862-1059 | Operation of Licensing Department, Ms. Klein's employment and circumstances surrounding her resignation, Hasbro's employment policies, and job duties of employees in the Licensing Department. |
| Pat Schmidt, Former VP of Licensing and Promotions (no longer employed with Hasbro) | 20 Masa Drive North Kingstown, RI 02852 (401) 392-7300 | Operation of Licensing Department, Ms. Klein's employment and circumstances surrounding her resignation, Hasbro's employment policies, and job duties of employees in the Licensing Department. |

| Leslie Sanders, Former Director of Licensing (no longer employed with Hasbro) | 5322 Sammie Kay Lane Centreville, VA 20120 (703) 272-7258 | Operation of Licensing Department, Ms. Klein's employment and circumstances surrounding her resignation, Hasbro's employment policies, and job duties of employees in the Licensing Department. |
|---|---|---|
| Alison Godwin, Director of Human Resources, Hasbro, Inc. | Hasbro, Inc. 1027 Newport Avenue, Pawtucket, RI  02862-1059 | Ms. Klein's employment, performance records, Hasbro's alternative work schedule policy, and discussions with Ms. Klein regarding alternative work schedule options. |
| Dolph Johnson, VP and Human Resources Head | Hasbro, Inc. 1027 Newport Avenue, Pawtucket, RI  02862-1059 | Hasbro's employment policies and circumstances surrounding Ms. Klein's resignation, Hasbro's application of the alternative work schedule policy. |
| Kristen Riley, Senior Account Manager | Hasbro, Inc. 1027 Newport Avenue, Pawtucket, RI  02862-1059 | Account manager responsibilities. |

**(B) DESCRIPTION AND LOCATION OF CATEGORIES OF DOCUMENTS THAT ARE RELEVANT TO DISPUTED FACTS ALLEGED WITH PARTICULARITY IN THE PLEADINGS.**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B) and Local Rule 26.2(A), copies of the following non-privileged documents will be produced simultaneously with this disclosure statement.  Hasbro reserves the right to supplement this disclosure and identify additional documents as discovery proceeds.

1. Ms. Klein's personnel file;

2. Notes taken and documents retained by Alison Godwin regarding Ms. Klein's employment;

3. Notes taken and documents retained by Leslie Sanders regarding Ms. Klein's employment;

4. Hasbro's handbooks and employment policies regarding alternative work schedules;

5. Hasbro organizational charts relating to the Licensing Department;

6. Relevant electronic mail messages from Ms. Klein's account; and

7. Letters to Hasbro from Ms. Klein.

**(C)    COMPUTATION OF DAMAGES.**

Hasbro has not claimed any damages in this case and, as such, Federal Rule of Civil Procedure 26(a)(1)(C) is not applicable to Hasbro at this time.

**(D)    INSURANCE AGREEMENTS.**

At this time, Hasbro is without knowledge of any insurance agreement pertinent to the claims raised in the Complaint.

HASBRO, INC.,

By its attorneys,

/s/ Ariella Feingold
Neil Jacobs (BBO #249300)
Jessica Foster (BBO #636841)
Ariella Feingold  (BBO #660380)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: June 17, 2005

**CERTIFICATE OF SERVICE**

    I, Ariella Feingold, hereby certify that on this 17th day of June, 2005, I caused a true and correct copy of the foregoing document to be served on counsel for the plaintiff.

                                                /s/ Ariella Feingold
                                                Ariella Feingold

US1DOCS 5141710v1